UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:11-cv-00387-W

| | |
|---|---|
| SHARON THOMAS, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>DUKE UNIVERSITY, DUKE )<br>UNIVERSITY MEDICAL SYSTEM, )<br>RICHARD H. BROADHEAD, and )<br>VICTOR J. DZAU, )<br>)<br>Defendants. )<br>) | ORDER |

THIS MATTER is before the Court on Defendants' Motion to Dismiss (Doc. No. 23) Plaintiff's Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction and Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted. Also, the Court addresses Plaintiff's "Motion for Leave [to] Add Additional Defendants" (Doc. No. 36) and Plaintiff's "Amend Motion to Submit [sic] Reply-Memorandum of Law, Receive Court Documents by Electronic E-Mail and to Withdraw Motion to Add Additional Defendants" (Doc. No. 37).

As an initial matter, the Court also GRANTS that portion of Plaintiff's Motion seeking to Withdraw her Motion to Add Additional Defendants (Doc. No. 37). Accordingly, Plaintiff's Motion (Doc. No. 36) is WITHDRAWN. The Court also GRANTS that portion of Plaintiff's Motion (Doc. No. 37) requesting she be allowed to receive all Court pleadings and notices via email at tee2thomas@yahoo.com. For the reasons that follow, the Court also GRANTS Defendants' motion to dismiss (Doc. No. 23).

# I. BACKGROUND

Plaintiff, who is proceeding *pro se*, initiated this action in the Mecklenburg County, North Carolina Superior Court on June 29, 2011. Defendants removed the case to this Court on August 9, 2011, and filed a Motion to Dismiss Plaintiff's Complaint and Alternative Motion for More Definite Statement on September 6, 2011 (Doc. No. 1, 8). On December 19, 2011, before the Court ruled on Defendants' Motions, the Court granted Plaintiff's Motion for Leave to Amend her Complaint (Doc. No. 16) which was amended and filed on February 3, 2012.

Plaintiff's Amended Complaint (Doc. No. 19) alleges that "defendants intentionally discriminated against her by failing to consider or hire her" for any job for which she applied. Beginning in June 2007, Plaintiff applied for employment opportunities with Duke University and Duke University Health Systems ("DUHS") that were posted on their employment website. Id. Plaintiff applied for "over 295 jobs" with DUHS and Duke University, including jobs involving housekeeping, food associates, clerical positions, staff assistants, administrative positions, and so on. Id.

Plaintiff highlights two employment opportunities with DUHS. Between January and April 2007, Plaintiff was invited for interviews with the Director of Students for a "Staff Assistant" position at the Mary Lou Williams Center. (Doc. No. 19, p. 10). After many attempts to follow up, Plaintiff received notice in June 2007 that she was not chosen for the position. Id. On June 11, 2010, Plaintiff interviewed with Susan Rogers at the Office of Curriculum, Duke School of Medicine, for a "Staff Specialist" position. Id. at 8. Following the interview, Plaintiff wrote several unanswered emails to Susan Rogers requesting the status of the position; however, Plaintiff only received confirmation that she was not selected after phone calls on July 23, 2010. Id. Despite inquiry, Plaintiff was never told why she was not hired for either employment opportunity. Plaintiff says

Defendants told her that she was not hired in 2007 because of "something to the effect due to concerns with the stakeholders of Duke University." Id. Plaintiff was not given a reason by Defendants for their decision not to hire her for the position in July 2010. Id.

Plaintiff unsuccessfully continued to apply for jobs with Duke University and DUHS. Prior to filing suit, on January 19, 2011, Plaintiff filed a Charge of Discrimination with the U.S. Equal Employment Opportunity Commission ("EEOC"), designated Charge No. 430-2011-00964. (Doc. No. 24, p.4). On March 31, 2011, the EEOC issued Plaintiff a right-to-sue notice. (Doc. No. 19, p. 22-23). Plaintiff commenced this action alleging seven (7) counts of employment discrimination, including a claim under Title VII of the Civil Rights Act of 1964, disparate treatment of a protected class, retaliation, and further discrimination due to race, age, sex, and disability (Doc. No. 19). Defendants move to dismiss the Amended Complaint for lack of subject matter jurisdiction with regard to the unnamed Defendants in the EEOC Charge and for failure to state a claim for relief against the remaining Defendant. After the Court issued Plaintiff a Notice to Respond (Doc. No. 33), Plaintiff filed a sur-reply (Doc. No. 35) and motion to amend to add additional defendants to this case (Doc. No. 36). Plaintiff subsequently filed a motion to withdraw that sur-reply and motion (Doc. No. 37). These motions are now ripe for ruling.

## II. STANDARD OF REVIEW

Defendants move this Court to dismiss Plaintiff's Amended Complaint for lack of subject matter jurisdiction on the grounds that Plaintiff has not exhausted her administrative remedies. Defendants also request this Court to dismiss Plaintiff's Amended Complaint for failure to state a plausible claim for relief. As explained below, Plaintiff failed to exhaust her administrative remedies by omitting some of the currently named Defendants in the EEOC Charges, which

-3-

Case 3:11-cv-00387-FDW-DCK   Document 40   Filed 10/04/12   Page 3 of 10

supports dismissal as against those Defendants. As to the remaining Defendants, Plaintiff has failed to state a plausible claim upon which relief can be granted.

In an abundance of caution, the Court issued a notice advising Plaintiff, who appears pro se, of the burden she carries in confronting Defendants' Motion to Dismiss for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1). See Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975). In Richmond, Fredericksburg & Potomac R.R. Co. v. United States, 945 F.2d 765, 768-69 (4th Cir. 1991), the Fourth Circuit recognized:

> In determining whether jurisdiction exists, the district court is to regard the pleadings' allegations as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment. Adams v. Bain, 697 F.2d 1213, 1219 (4th Cir. 1982); Trentacosta v. Frontier Pac. Aircraft Indus., 813 F.2d 1553, 1558 (9th Cir. 1987). The district court should apply the standard applicable to a motion for summary judgment, under which the nonmoving party must set forth specific facts beyond the pleadings to show that a genuine issue of material facts exists. Id. at 1559 (citing Celotex Corp. v. Catrett, 477 U.S. 317, 323-24 (1986)). The moving party should prevail only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law. Trentacosta, 813 F.2d at 1558.

In considering a motion to dismiss premised by failing to exhaust administrative remedies, this Court must determine whether all remedies with the EEOC have been depleted prior to filing in this Court. "Before a plaintiff may file suit under Title VII . . . , he is required to file a charge of discrimination with the EEOC." Jones v. Calvert Group, Ltd., 551 F.3d 297, 300 (4th Cir. 2009). The contents of the EEOC Charge dictate the rights Plaintiff has to file a lawsuit in federal court. Id. "The EEOC Charge defines the scope of the plaintiff's right to institute a civil suit." Bryant v. Bell Atl. Md., Inc., 288 F.3d 124, 132 (4th Cir. 2002). A Title VII civil action may only be brought "against the respondent named in the charge." Causey v. Balog, 162 F.3d 795, 800 (4th Cir. 1998). According to Miller v. Ingles, 2009 WL 4325218 at *10 (W.D.N.C.), the same standard is applicable to claims under the ADA, 42 U.S.C. § 12117(a), and ADEA, 29 U.S.C. § 626(d).

-4-

Defendants' Motion to Dismiss also implicates Rule 12(b)(6) of the Federal Rules of Civil Procedure, which the Court only reaches on the claims for which the Court has subject matter jurisdiction. In reviewing a Rule 12(b)(6) motion, "the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff." Mylan Labs, Inc. v. Matakari, 7 F.3d 1130, 1134 (4th Cir. 1993). The plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). A complaint attacked by a Rule 12(b)(6) motion will survive if it contains "enough facts to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1960 (2009) (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw a reasonable inference that the defendant is liable for the misconduct alleged." Id. at 1949.

Plaintiff must "nudge [his] claims across the line from conceivable to plausible" in order to survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6). Khalik v. United Airlines, 2012 WL 364058, at *4 (10th Cir.) (citing Twombly, 550 U.S. at 570; 127 S.Ct. 1955). While considering Defendants' Motion, the Court remains mindful of Plaintiff's pro se status. Pro se filings are to be liberally construed and must be held to "less stringent standards than formal pleadings drafted by lawyers." Estelle v. Gamble, 429 U.S. 97, 106 (1976) (citations omitted).

### III. ANALYSIS

Defendants argue this Court lacks subject matter jurisdiction of Plaintiff's claims. (Doc. No. 23). The Court has reviewed the Complaint and agrees with Defendants.

**A. Jurisdiction Over Individual Defendants**

As an initial matter, the Court *sua sponte* considers whether this Court has subject matter jurisdiction over the individual defendants. The Court may *sua sponte* inquire into subject matter

-5-

jurisdiction under Federal Rule of Civil Procedure 12(h)(3) at any time. See, e.g., Insurance Corp. of Ireland v. Compagnie des Bauxites de Guinee, 456 U.S. 694, 702, 102 S.Ct. 2099, 72 L.Ed.2d 492 (1982); Plyler v. Moore, 129 F.3d 728, 731 n. 6 (4th Cir.1997). Under well-settled precedent, this Court lacks subject matter jurisdiction over Defendants Broadhead and Dzau in their individual capacities because Title VII and ADEA claims do not permit individual liability for employment discrimination. See Jones v. Sternheimer, 387 Fed.Appx. 366 (4th Cir. 2010) ("To the extent that the finding applied to Jones's claims under Title VII, the ADA, and the ADEA, the district court was correct, as these statutes do not provide for causes of action against defendants in their individual capacities.")(citations omitted)(unpublished); Lane v. Lucent Technologies, Inc., 388 F.Supp 2d 590, 594 (M.D.N.C. 2005); Harvey v. Blake, 913 F.2d 226, 227-28 (5th Cir. 1990) ("holding that Title VII's employer liability is similar to the ADEA's in that individuals acting as an employer's "agents" are liable in their official capacities only."). Accordingly, to the extent Plaintiff's complaint asserts claims against these Defendants in their individual capacity, those claims are dismissed.

**B. Exhaustion of Administrative Remedies**

Defendants argue that because Plaintiff has not pursued all claims of discrimination with the EEOC, she has not exhausted her administrative remedies; thus, this Court lacks subject matter jurisdiction. (Doc. No. 23). Defendants also argue that Plaintiff's EEOC Charge failed to name Defendants Duke University and Duke University Board of Trustees, resulting in a lack of subject matter jurisdiction over these parties. (Doc. No. 24). In Miller v. Ingles, 2009 WL 4325218 (W.D.N.C.), the court dismissed the *pro se* plaintiff's ADA and ADEA charges against the defendant, who was not named in plaintiff's EEOC charge. Id. at *9. The court noted that the defendant was mentioned in the "particulars" of the Charge, but was not one of the entities named as a respondent in the lawsuit. Id. The court held that "the EEOC charge defines the scope of

plaintiff's right to institute a civil suit." Id. at *10; (citing Bryant v. Bell Atl. Md., Inc., 288 F.3d 124, 132 (4th Cir. 2002)); see also Chacko v. Patuxent Inst., 429 F.3d 505, 506 (4th Cir. 2005).("a plaintiff fails to exhaust his administrative remedies where . . . his administrative charges reference different time frames, actors, and discriminatory conduct than the central factual allegations in his formal suit."); Evans v. Techs. Applications & Serv. Co., 80 F.3d 954, 963 (4th Cir. 1996) ("Only those discrimination claims stated in the initial charge . . . may be maintained in a subsequent lawsuit."). Therefore, the court dismissed the plaintiff's claims against the defendant because plaintiff had not exhausted all administrative remedies. Miller, 2009 WL 4325218.

Along the same reasoning as in Miller, Plaintiff here failed to mention Defendants Duke University and Duke University Board of Trustees in the initial EEOC charge as respondents in the suit. Plaintiff solely lists Duke University Health System, Inc. ("DUHS") as the respondent in her EEOC Charge. Therefore, this Court lacks subject matter jurisdiction over Defendants Duke University and Duke University Board of Trustees in the Title VII, ADA, and ADEA claims.

**C. Failure to State A Claim Under Rule 12(b)(6)**

Next, Defendants argue to dismiss Plaintiff's remaining claims against DUHS for failure to state a plausible claim for relief in any of the "counts" alleged. (Doc. No. 24). Plaintiff alleges seven counts of discriminatory conduct by DUHS due to her race, age, sex, and perceived disability. (Doc. No. 19). Plaintiff is a fifty-two year-old African American female who applied for over 295 jobs with DUHS through electronic applications on their website. Id. The positions for which Plaintiff applied included jobs ranging from housekeeping, patient resource centers, library assistants, and various other positions. Id. Plaintiff was not hired for any position with DUHS.

Plaintiff alleges a Title VII claim against DUHS alleging discrimination based on race, sex, and retaliation. (Doc. No. 19). A successful Title VII claim must contain sufficient details and facts

-7-

to provide a "factual foundation . . . [for] subsequent litigation." Chacko, 429 F.3d at 509. In Khalik v. United Airlines, 2012 WL 364058, at *4 (10th Cir.), the court found that the plaintiff's conclusory allegations that she was "targeted because of her race, religion, national origin, and ethnic heritage" were not sufficient to survive a motion to dismiss. Likewise, Plaintiff here does not allege specific facts to support a claim of discrimination under Title VII for not being hired as the "Staff Specialist." Plaintiff's Amended Complaint (Doc. No. 19) states that "an individual by the name of Blake Wiggins was the Staff Specialist supporting Susan Rogers;" however, there are no facts that support Plaintiff's claim that Blake Wiggins was hired because of a younger age, different race, or any other detail that would support the alleged discrimination. Therefore, Plaintiff fails to provide a factual foundation to support her discrimination claim under Title VII.

Plaintiff also alleges discrimination claims against DUHS under the Americans with Disabilities Act (ADA) and the Age Discrimination in Employment Act (ADEA). (Doc. No. 19). Under the ADA, a claim of discrimination must show that the "plaintiff (1) is an individual with a disability (or perceived as such a person); (2) is otherwise qualified to perform job requirements, with or without reasonable accommodation; and (3) was discharged solely by reason of handicap." Miller, 2009 WL 4325218 at *12 (citing Doe v. University of Maryland Medical Sys. Corp., 50 F.3d 1261, 1265 (4th Cir. 1995); 42 U.S.C. § 12112(a)). Plaintiff purports that she was not hired for a job with DUHS because she had several encounters with other alleged partners and "collaborative" entities of DUHS. (Doc. No. 19, p. 11). Plaintiff is under the impression that her personal health and services information were shared amongst these entities. Id. However, Plaintiff only refers to one position as a "Staff Assistant" at Duke's Williams Center for Black Culture where she participated in numerous interviews but was not selected for the position. (Id. at p. 10). There is no factual basis for Plaintiff's allegations that DUHS chose to hire someone without actual or perceived disabilities.

Furthermore, there are no facts supporting Plaintiff's allegations that DUHS perceived her as a person with disabilities, regardless of receiving a solicitation to participate in a memory loss study at Duke's Memory Loss Clinic. Therefore, the Court finds that this claim lacks merit.

Plaintiff's claim under the ADEA likewise lacks merit because there is no support for the argument that DUHS hired someone younger than Plaintiff for any of the positions. Plaintiff must show four elements required for an age discrimination claim: 1) that Plaintiff was part of the protected class, 2) performed well and met the expectations of the job, 3) was fired from the job, and 4) was replaced by a younger person outside the protected class. Miller, 2009 WL 4325218 at *11 (citing Lovelace v. Sherwin-Williams Co., 681 F.2d 230, 239 (4th Cir. 1982)). Plaintiff presents no factual basis to support the above elements.

Lastly, Plaintiff alleges injuries of intentional infliction of emotional distress (IIED) and negligent infliction of emotional distress (NIED). (Doc. No. 19, p. 18). A claim of IIED requires that the conduct be "extreme and outrageous" as a matter of law. Wilson v. Southern Nat. Bank of North Carolina, Inc., 900 F.Supp. 803, 811-12 (W.D.N.C. 1995). Moreover, North Carolina courts have stated that "[i]t is extremely rare to find conduct in the employment context that will rise to the level of outrageousness necessary to provide a basis for recovery for the tort of intentional infliction of emotional distress." Id. Plaintiff's allegations fail to show that DUHS refused to hire her based on her race, age, sex, and perceived disability; therefore, there is no support to prove DUHS's conduct was extreme and outrageous. Similarly, Plaintiff's NIED claim fails to overcome the North Carolina standard because the Complaint lacks the material factual allegations of actions other than intentional acts. Mitchell v. Lydall, 1994 WL 38703, at *3 (4th Cir. 1994); see also Bratcher v. Pharmaceutical Product Development, Inc., 545 F.Supp.2d 533, 545 (E.D.N.C. 2008). Plaintiff's

Complaint only alleges intentional acts of discrimination by DUHS, and thereby does not meet the North Carolina standard for an NIED claim.

## IV. CONCLUSION

For the foregoing reasons, the Court GRANTS Plaintiff's Motion seeking to Withdraw her Motion to Add Additional Defendants and to receive notices via email. (Doc. No. 37). Accordingly, Plaintiff's Motion (Doc. No. 36) is WITHDRAWN. The Court also GRANTS Defendants' motion to dismiss (Doc. No. 23).

The Clerk is respectfully DIRECTED to send a copy of this Order to Plaintiff via e-mail at tee2thomas@yahoo.com and to update the docket to reflect the Court's ruling to allow her to receive further filings via email.

IT IS SO ORDERED.

Signed: October 4, 2012

Frank D. Whitney
United States District Judge