# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# DOCKET NO. 3:11-cv-00387

| | |
|---|---|
| SHARON THOMAS, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>DUKE UNIVERSITY; DUKE UNIVERSITY )<br>AND HEALTH SYSTEM INC.; DUKE )<br>UNIVERSITY BOARD OF TRUSTEES, )<br>RICHARD H. BRODHEAD AND VICTOR )<br>J. DZAU, )<br>)<br>Defendants. ) | ORDER |

THIS MATTER is before the Court on Plaintiff's Motion for Reconsideration (Doc. No. 42) of this Court's order (Doc. No. 40) dismissing her Amended Complaint for lack of jurisdiction and failure to state a claim upon which relief can be granted. That order also permitted, upon Plaintiff's motion, Plaintiff to withdraw a pending motion to amend the complaint a second time to add individual defendants. Plaintiff has always appeared *pro se* in this matter.

In the instant motion, Plaintiff requests this Court reconsider dismissal "for Lack of Jurisdiction." (Doc. No. 42-1, p. 4). Plaintiff also seeks "the opportunity to reinstate the Motion to add additional defendants that was submitted on or about May 2012." Id. Notably, Plaintiff's motion for reconsideration fails to challenge that portion of the order ruling on that Plaintiff failed to state a claim for relief under Federal Rule of Civil Procedure 12(b)(6).

To the extent Plaintiff requests reconsideration of the dismissal based on lack of jurisdiction, Plaintiff fails to argue any error of law in the Court's ruling. Likewise, Plaintiff fails to assert any new evidence or allegations to indicate the Court erroneously concluded it lacked subject matter jurisdiction. The gravamen of Plaintiff's argument in support of this requested relief is that

reconsideration "would be in the best interest of justice, fair and in good faith" because Plaintiff has recently received medical treatment for various illnesses. (Doc. No. 42-1, p. 4). While the Court is sympathetic to Plaintiff's health issues, she fails to present any sufficient legal argument to reconsider that portion of the order dismissing the Amended Complaint for lack of subject matter jurisdiction. Accordingly, the Court denies that portion of Plaintiff's motion.

In addition, Plaintiff requests this Court to reconsider its ruling allowing Plaintiff to withdraw her motion to add individual defendants. Plaintiff contends that after she submitted a motion to add additional defendants, she "in error submitted a motion to withdraw the motion to add defendants[,] which was an irrational and hasty decision[,] which resulted in the case being dismissed." (Doc. No. 42-1, p. 2). As an initial matter, the Court notes that Plaintiff's withdrawal of the motion to add additional defendants had no bearing–in fact or as a matter of law–on the Court's rulings dismissing the Amended Complaint for lack of subject matter jurisdiction and for failure to state a claim upon which relief can be granted. Second, in recognizing Plaintiff's withdrawal of the motion, the Court determined withdrawal to be appropriate and presumed that Plaintiff was exercising wisdom and understanding that persons cannot be sued individually for violations of Title VII and the ADEA. As recognized in the order to which Plaintiff now requests this Court reconsider, this Court lacks subject matter jurisdiction over persons sued in their individual capacities. (See Doc. No. 40 pp. 5-6) (citing Jones v. Sternheimer, 387 Fed.Appx. 366 (4th Cir. 2010) ("To the extent that the finding applied to Jones's claims under Title VII, the ADA, and the ADEA, the district court was correct, as these statutes do not provide for causes of action against defendants in their individual capacities.")(citations omitted)(unpublished); Lane v. Lucent Technologies, Inc., 388 F.Supp 2d 590, 594 (M.D.N.C. 2005); Harvey v. Blake, 913 F.2d 226, 227-28 (5th Cir. 1990) ("holding that Title VII's employer liability is similar to the ADEA's in that

individuals acting as an employer's "agents" are liable in their official capacities only.")). Plaintiff has not indicated in her most recent motion any authority to the contrary, nor does she provide argument or allegation as to why the individuals she sought to add could be held liable as a matter of law. Were this Court to permit Plaintiff to withdraw the motion to amend would in effect require this Court to rule on the motion to amend to add the individual defendants, a ruling that would not be favorable for Plaintiff in light of the authority stated above. For these reasons, the Court denies this portion of Plaintiff's motion to reconsider.

IT IS THEREFORE ORDERED that Plaintiff's Motion to Reconsider (Doc. No. 42) is DENIED. Plaintiff is also cautioned that further filings of motions that are not appropriately supported may be summarily dismissed as frivolous and could subject Plaintiff to a pre-filing review.

IT IS SO ORDERED.

Signed: November 28, 2012

Frank D. Whitney
United States District Judge